IN RE APPLICATION OF ZATIK.

[Cite as *In re Application of Zatik*, 126 Ohio St.3d 397, 2010-Ohio-3828.]

*Attorneys — Character and fitness — Application to register as a candidate for admission to the bar — Failure to timely disclose prior misdemeanor convictions and juvenile adjudication — Application disapproved, with permission to reapply.*

(No. 2010-0355 — Submitted April 20, 2010 — Decided August 25, 2010.)

ON REPORT by the Board of Commissioners on Character and
Fitness of the Supreme Court, No. 425.

_____

**Per Curiam.**

{¶ 1} Alexander Johnathin Zatik of Toledo, Ohio, has applied to register as a candidate for admission to the Ohio bar, although he has not yet filed an application to take the bar examination. Citing the applicant's failure to timely disclose an adjudication of juvenile delinquency and two misdemeanor convictions in his law-school application, as well as his subsequent failure to disclose that omission in his application to register as a candidate for the bar, the Board of Commissioners on Character and Fitness recommends that we disapprove his character, fitness, and moral qualifications, at present, and that we permit the applicant to apply for the July 2012 bar exam. We accept the board's recommendation to disapprove the pending application and will allow the applicant to apply for the July 2012 bar exam, provided that he first submit a new and complete application to register as a candidate for admission to the practice of law.

**Summary of Proceedings**

{¶ 2} The applicant completed his application to register as a candidate for admission to the Ohio bar on November 10, 2008, and the Bar Admissions

Office received it on November 12, 2008. In that application, he answered the question "Have you ever failed to answer fully and truthfully all questions on an application for admission to any educational institution?" in the negative.

{¶ 3} In accordance with Gov.Bar R. I(11)(C)(3) and (D)(1), two members of the Toledo Bar Association's admissions committee interviewed the applicant on April 20, 2009, to ascertain whether he possessed the requisite character, fitness, and moral qualifications for admission to the practice of law. When the interviewers asked him whether any answer on his character questionnaire should be changed or supplemented, the applicant provided greater detail about a juvenile-delinquency adjudication for residential burglary, two misdemeanor convictions for underage alcohol possession, and his use of false identification to purchase alcohol. He had disclosed all of this information in his application for admission to the bar, but he also revealed, for the first time, that he had failed to disclose those incidents in his application for admission to the University of Toledo College of Law, contrary to his statement that he had been truthful on his law school application. Based upon these disclosures, the interviewers stated that they were uncertain whether he possessed the requisite character, fitness, and moral qualifications for admission to the practice of law and recommended further screening by the admissions committee.

{¶ 4} A seven-member panel of the admissions committee later convened to review the applicant's application and recommended that it be approved with qualifications, based upon the applicant's (1) failure to disclose his prior criminal convictions in his application to the University of Toledo College of Law, despite his acknowledgement that he had divulged the offenses in his applications to several other schools, (2) limited disclosure of his alcohol-related offenses to the University of Toledo in September or October 2007, and (3) failure to disclose to the school his adjudication as a juvenile for burglary until after his initial character-and-fitness interview. The panel unanimously found that

2

the applicant "does not currently demonstrate the ability to exercise good judgment in his professional affairs, nor the ability to conduct himself with a high degree of honesty, integrity, and trustworthiness in his professional relationships and with respect to all legal obligations." Accordingly, the bar-admissions committee recommended that the applicant be required to wait two years beyond his law-school graduation date before being permitted to apply for the Ohio bar examination.

{¶ 5} The applicant appealed the panel's qualified approval pursuant to Gov.Bar R. I(12), and a three-member panel of the Board of Commissioners on Character and Fitness conducted a hearing to inquire into his character, fitness, and moral qualifications. See Gov.Bar R. I(12)(C).

## Disposition

{¶ 6} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). Necessarily, "[a] record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." Id.

{¶ 7} In determining that the applicant had not proven that he possessed the requisite character, fitness, and moral qualifications, the board considered the factors set forth in Gov.Bar R. I(11)(D)(3) and (4). The board expressed concern about the applicant's lack of candor both in disclosing his past crimes and in explaining his reasons for failing to disclose them. We accept the board's findings of fact with respect to these events and conclude that the applicant (1) violated his law school's code of student professional conduct, (2) failed to timely provide complete and accurate information regarding his past conduct, and (3)

made false statements or omissions in the completion of his application as a candidate for admission to the bar. See Gov.Bar R. I(11)(D)(3)(d), (g), and (h).

{¶ 8} In establishing the weight and significance of the applicant's conduct, the board noted that the applicant had not been candid in his disclosure to the University of Toledo College of Law, in his interviews with the admissions committee, or in his testimony before the board. Gov.Bar R. I(11)(D)(4)(i). Although the board recognized that the applicant's criminal convictions and juvenile adjudication, which occurred while he was in his teens, were not likely to interfere with his admission to the bar, it concluded that respondent needed a "period of maturation" to develop the honesty, trustworthiness, and reliability necessary for successful admission to the bar.

{¶ 9} Based upon the foregoing, we agree that the applicant has failed to prove that he possesses the requisite character, fitness, and moral qualifications for admission to the practice of law. Accordingly, we accept the board's recommendation to disapprove the applicant's pending application at this time, and we will permit him to apply to take the July 2012 bar exam, provided that he submits a new application to register as a candidate for admission to the practice of law and is able to establish his character, fitness, and other qualifications.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

James D. Caruso, for applicant.

Marshall & Melhorn, L.L.C., and Alan B. Dills, for the Toledo Bar Association.

_____